(No. 61414.—

*In re* ALAN MICHAEL SCARNAVACK, Attorney,
Respondent.

*Opinion filed October 18, 1985.*

MORAN and MILLER, JJ., dissenting.

Deborah M. Kennedy, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

William J. Harte, Ltd., of Chicago (William J. Harte, of counsel), for respondent.

CHIEF JUSTICE CLARK delivered the opinion of the court:

On November 21, 1983, the respondent, Alan Michael Scarnavack, was convicted in the United States district court of knowingly and intentionally possessing approximately .46 grams of a mixture containing cocaine, a Schedule II controlled substance, in violation of section 844, title 21, of the United States Code (21 U.S.C. sec. 844 (1970)). The respondent was sentenced to six months' imprisonment. However, his sentence was suspended and the respondent was placed on probation for three years upon the condition that he volunteer six hours weekly in a program to rehabilitate drug addicts. The Administrator of the Attorney Registration and Disciplinary Commission filed a complaint against the respondent alleging the fact of Scarnavack's conviction and charging that his conduct warranted discipline.

At his hearing, Scarnavack testified generally to the following. He was a police officer with the Chicago police department for approximately 3½ years. He went to law school while on the police force, passed the bar exam, and became an assistant State's Attorney for the period 1973 to 1978. As an assistant State's Attorney he handled narcotics cases. He was involved in many prosecutions for narcotics, some involving cocaine. After leaving the State's Attorney's office, Scarnavack entered private practice and defended clients on various narcotics charges, including cocaine charges.

Scarnavack also testified that he knowingly, intentionally and unlawfully possessed the cocaine in question. He stated that he obtained the cocaine from a client, but could not recall when, where, or from which client he had obtained the cocaine. Scarnavack testified it was not given in exchange for legal services and that he did not ask the client for the cocaine. He could not recall further details other than those set forth above. He alleged that he "never had possession of a controlled substance before [his] arrest or since [his] arrest."

Scarnavack testified that he experienced marital difficulties after he went into private practice. In January 1982, he was living with his five children while his wife lived outside of the home. During this time he was solely responsible for raising his children and was also attempting to reconcile with his wife.

On the day of the arrest, he was planning to meet with his wife to talk about the reconciliation. He went to the travel agency where she worked and waited outside. While waiting he entered a nearby tavern briefly and then entered a bank where an acquaintance worked. He was in the bank for only a few seconds when he walked out and was arrested by five police officers. There was some evidence in the record that someone thought the respondent intended to rob the bank, but no charges

along that line were ever filed. He was taken to the police station and searched, at which time the cocaine was found. (The cocaine had a "street value" of approximately $35 to $40.)

He was first indicted by the county grand jury, but those charges were nol-prossed. The Federal court information was then filed.

After the respondent's hearing, the Hearing Board issued its report, finding that the Administrator had proved the misconduct alleged. The Hearing Board found:

> "[T]he respondent engaged in illegal conduct involving *moral turpitude* in violation of Rule 1—102(3) of the Illinois Code of Professional Responsibilities [*sic*]; engaged in conduct that was prejudicial to the administration of justice in violation of Rule 1—102(5) of the Illinois Code of Professional Responsibility (1980); and engaged in conduct which tended to defeat the administration of justice or to bring the profession into disrepute in violation of Supreme Court Rule 771." (Emphasis added.)

The Hearing Board recommended that the respondent be suspended from the practice of law for a period of time to run concurrently with his sentence of probation entered in the Federal criminal proceeding. The Hearing Board further recommended that the suspension be stayed and that the respondent be placed on probation for a period of time to run concurrently with the probation imposed by the district court.

The Administrator filed exceptions to the Hearing Board's recommendation before the Review Board. The Review Board concluded, without commenting upon the Hearing Board's findings, that the discipline was not warranted and recommended that the matter be dismissed. The Administrator filed a petition for leave to file exceptions to the report and recommendation of the Review Board in this court pursuant to our Rule 753. 87

Ill. 2d R. 753.

The Administrator raised the issue of whether an attorney's unlawful possession of a controlled substance is conduct involving moral turpitude. The Administrator proceeded to argue that such an issue must be answered affirmatively. According to our research, this is a case of first impression in this court; in addition, we have found no other jurisdiction which has ruled on this specific issue. However, we need not address this issue. If an attorney is convicted of a crime that does not involve moral turpitude, he *still* may be disciplined (see 87 Ill. 2d R. 761(c).) Therefore, irrespective of whether Scarnavack's criminal conduct involved moral turpitude, such conduct is subject to discipline. Consequently, the only question remaining is what type of discipline is appropriate.

The final determination of appropriate sanctions in attorney disciplinary proceedings necessarily involves analysis of the unique facts and circumstances of the particular case. (*In re Crisel* (1984), 101 Ill. 2d 332.) Scarnavack admitted to "knowingly, intentionally and unlawfully" possessing cocaine, a controlled substance. Scarnavack was unquestionably aware of the laws prohibiting the possession of cocaine, as evidenced by his involvement in prosecutions for narcotics, including cocaine. A further aggravating factor is that the respondent accepted the cocaine from a *client* with whom he held a fiduciary relationship.

Every lawyer owes a solemn duty to encourage respect for the law. We believe obedience to the law exemplifies respect for it. The respondent's conduct does not evidence such respect.

An attorney is held to a higher standard of conduct, particularly with respect to upholding the law, so that a conviction for such a criminal offense as in the present case requires disciplinary action in order to protect the

public, the courts, and the legal profession. (*In re Thompson* (1963), 30 Ill. 2d 560.) However, we feel various mitigating factors lessen the severity of the disciplinary action which might otherwise have been taken.

The Hearing Board found that Scarnavack's marital difficulties caused "a lapse of judgment as to the seriousness of the offense of possession of even a small amount of cocaine, a controlled substance." His conviction on one count of unlawful possession of cocaine is the only blemish on an otherwise untarnished record of professional activities. The Hearing Board also found "[t]here was no apparent intent toward 'dealing' or distribution of a controlled substance."

Four character witnesses testified on the respondent's behalf before the Hearing Board. John W. Brady and James O'Grady had worked with the respondent as assistant State's Attorneys. Both testified that Scarnavack was a competent attorney with a good reputation in the legal profession and his community. Stanley A. Strzelski testified that he worked with Scarnavack as an assistant State's Attorney and has had cases opposite him since he entered private practice. He testified that the respondent "was an excellent attorney *** [with a] good reputation in spite of the arrest and conviction for possession of cocaine." Lastly, Judge James Edward Murphy of the circuit court testified having known the respondent when he (Scarnavack) was an assistant State's Attorney. Judge Murphy testified Scarnavack "enjoyed a fine reputation."

The respondent himself testified he understood his conduct was wrong, that he pleaded guilty, and was serving the sentence of the Federal court. He also stated that he regretted the impact his misconduct has had on the legal profession. Throughout his hearing the respondent displayed regret and apologized for embarrassing his colleagues.

Having weighed all factors, the respondent's criminal offense with the mitigating factors, we have determined that the appropriate sanction is censure.

*Respondent censured.*

JUSTICE MORAN, dissenting:

I find censure an inappropriate sanction in view of the underlying criminal charge. Respondent's background makes it difficult to comprehend why he would even take possession of the drug from a client. He was certainly cognizant of the fact that drug trafficking is a national problem. He denied requesting the drug. He denied that it was proffered him in payment for legal services. Beyond these denials, respondent claims no memory of how, from whom, or why he came into possession of the cocaine. In my judgment respondent's duty to respect and uphold the law, his status as an officer of the court, his lengthy and specialized law-enforcement background, and the circumstances surrounding his possession of the cocaine make censure an inappropriately lenient sanction.

Balancing the aforementioned factors against the mitigating factors cited by the majority, I would suspend respondent for the remainder of his term of probation under his Federal conviction, said suspension to be stayed upon condition that he successfully complete the terms of his probation.

JUSTICE MILLER joins in this dissent.