Robert SOWELL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9105–CR–153.

Court of Appeals of Indiana,
Fifth District.

April 28, 1992.

Transfer Denied June 17, 1992.

John F. Crawford, Jr., Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Robert Sowell appeals his conviction for prostitution, a class D felony, and the trial court's finding that he was an habitual class D felony offender. Sowell raises the following two issues on appeal:

1. Whether the evidence is sufficient to support the habitual offender finding; and

2. Whether his enhanced sentence is manifestly unreasonable and unconstitutionally disproportionate to his offense.

We affirm.

### FACTS

On September 17, 1990 Sowell was arrested for prostitution, a class A misdemeanor. The State filed an information charging Sowell with prostitution, a class A misdemeanor and a class D felony enhancement, alleging two prior convictions for prostitution. The State also filed an infor-

mation charging Sowell with being a class D felony habitual offender. Following a bench trial on January 9, 1991, the trial court found Sowell guilty on the prostitution charge. The second phase of the trial to determine the class D enhancement immediately followed. The State introduced evidence that Sowell had two previous convictions for prostitution, both as class D felonies, dated May 9, 1984 and March 17, 1987. The trial court then determined that Sowell was guilty of prostitution as a class D felony and the trial moved to the third phase to determine whether Sowell was an habitual class D felony offender. The State moved to incorporate the evidence from the prior proceedings into this one. The trial court did so and based on that evidence found that Sowell was an habitual class D felony offender.

The trial court sentenced Sowell to three years on the prostitution conviction due to aggravating circumstances and enhanced the sentence by eight years, due to the habitual offender finding. Thus, Sowell received a total sentence of eleven years with two years suspended. Other facts will be presented below where necessary.

## SUFFICIENCY OF THE EVIDENCE

■ Sowell first argues that the evidence was insufficient to support the habitual offender determination because no evidence was admitted during that phase of the trial. In essence, Sowell contends that the trial court did not conduct the requisite trifurcated trial. Sowell correctly argues that when the State seeks to elevate a misdemeanor charge to a felony based on prior convictions, and also seeks an habitual offender enhancement, as is the case here, the trial must be conducted in three separate phases. *See Clark v. State* (1990), Ind., 561 N.E.2d 759; *Woods v. State* (1984), Ind., 471 N.E.2d 691, *reh'g denied.* In the first phase the fact-finder determines if the defendant is guilty of the underlying misdemeanor charge. In the second phase the fact-finder determines if the defendant has two prior convictions for the same offense so that the offense is raised to a felony. In the third phase the fact-finder determines if the defendant has

two prior, unrelated felony convictions making the defendant an habitual offender. This process insures that a jury will not be exposed to the defendant's prior record until it has determined the defendant's guilt on the present charge. *Shepler v. State* (1980), 274 Ind. 331, 412 N.E.2d 62. Similarly, when trial is to the bench, Ind.Code 35-50-2-7.1 requires the trial court to conduct a separate hearing on the habitual offender determination.

■ We do not agree with Sowell that the trial court did not conduct the trial in three stages. In the first phase of the trial evidence was submitted on the underlying prostitution charge and the trial court found Sowell guilty. Proceeding to the second phase, the State introduced evidence of Sowell's two prior convictions for prostitution as class D felonies. Based on this evidence the trial court found Sowell guilty of prostitution, a class D felony. This finding was made before trial proceeded to the third phase. During the third phase the State moved to incorporate the evidence from the preceding phases of the trial and, because the State was relying on the same felony convictions introduced in phase two to prove the habitual offender charge, did not introduce any other evidence. Nothing in I.C. 35-50-2-7.1 prohibits incorporating evidence from the earlier phases. In fact, the supreme court in *State v. Brooke* (1991), Ind., 565 N.E.2d 754, stated that the "usual and better procedure is for the State to move for admission of all evidence from the guilt phase of the trial into the sentencing phase...." *Id.* at 756. Sowell does not argue that the two prior convictions relied upon by the State are not sufficient to support the habitual offender finding and indeed they are sufficient. Thus, Sowell has not shown that the trial court erred and the evidence does support the habitual offender finding.

## SENTENCING

Sowell next argues that his sentence is manifestly unreasonable and unconstitutionally disproportionate to the nature of the offense. Sowell attacks the constitu-

tionality of his sentence under the Indiana Constitution which provides that "[a]ll penalties shall be proportioned to the nature of the offense." Article 1, Section 16. He does not argue that the statute used to sentence him is unconstitutional, just that it is unconstitutional as applied to him.

■ We apply a two-pronged test to determine whether an habitual offender's penalty is proportional. First, we look at the nature and gravity of the present felony; then we consider the nature of the prior offenses. *Best v. State* (1991), Ind., 566 N.E.2d 1027. Sowell received an eleven-year sentence with two years suspended for a total prison sentence of nine years for his conviction for prostitution, normally a class A misdemeanor. A class A misdemeanor carries a maximum sentence of one year and/or a fine not to exceed $5,000. I.C. 35–50–3–2. Due to prior convictions for prostitution, Sowell was convicted here for a class D felony. A class D felony carries a presumptive sentence of one and one-half years with up to one and one-half years added for aggravating circumstances, or up to one year subtracted for mitigating circumstances. In addition, a fine of up to $10,000 may be imposed. The trial court gave Sowell a three year sentence on the prostitution charge, citing aggravating circumstances of nine prior convictions and that a lesser sentence would depreciate the seriousness of the crime. This sentence was then enhanced by the eight years required by I.C. 35–50–2–7.1 for the habitual status.

■ Sowell relies on *Clark, supra,* to support his argument that his sentence is unreasonable and disproportionate. In *Clark* the trial court sentenced the defendant to a total of thirty-five years, thirty-four of which stemmed from a conviction for operating while intoxicated, ordinarily a class A misdemeanor. Clark's conviction was enhanced to a class D felony based on a prior conviction in the last five years for operating while intoxicated. Clark was sentenced to the pre–1990 amendment presumptive sentence of two years with two years added for aggravating circumstances. The trial court then enhanced this

sentence thirty years under the habitual felony offender statute, I.C. 35–50–2–8, based on a 1977 conviction for a class C felony and a 1980 conviction for a class D felony. The supreme court reversed the trial court's thirty-year enhancement, stating:

> An enhancement authorized by [I.C. 35–50–2–8] that is ultimately based upon a conviction for conduct that the legislature has classified as a misdemeanor, where there is no injury to person or property, is entirely out of proportion to the gravity of the offense.

*Id.* at 766. The court noted in *Clark* that review of the nature and gravity of the underlying offense, operating while intoxicated, was conclusive in this case, making it unnecessary to consider the nature of the predicate felonies. However, a few months later the supreme court did not find enhancement pursuant to I.C. 35–50–2–8 to be unreasonable where the defendant was convicted of operating while intoxicated, raised to a class D felony because of a prior conviction for the same offense. *Best, supra.* While concluding that the nature of the present offense was "not particularly aggravated," the court distinguished *Best* from *Clark* based upon the nature of Best's earlier crimes. In doing so, the court concluded that some enhancement was proper. The trial court had enhanced Best's four-year sentence by twenty years, taking ten years off the available thirty because one of Best's prior offenses was a class D felony. The supreme court determined that given the "modest nature of the present offense," the sentence could only be enhanced by ten years. *Id.* at 1032. This suggests that contrary to *Clark*, it is not sufficient to just consider the nature of the present offense to determine whether an habitual enhancement is proper. Further, although suggested by *Clark* that enhancement is unreasonable just because the present offense is ordinarily a misdemeanor offense, *Best* makes it clear that this is not the case.

Sowell's sentence was enhanced pursuant to the eight-year habitual D felony offender statute, I.C. 35–50–2–7.1. In the

ten years prior to the present conviction for prostitution, Sowell was convicted nine times for prostitution and he has a conviction for possession of marijuana, a class A misdemeanor, and a conviction for resisting law enforcement. It is unclear from the record whether the resisting law enforcement conviction was a class A misdemeanor, a class D felony or a class C felony. Two of his prior prostitution convictions are class D felonies. Clearly, the nature of the present offense is such that under the reasoning of *Clark* and *Best* an enhancement on the basis of the nature of the present offense alone is not justified. The legislature has classified the offense as a misdemeanor and there was no injury to persons or property. However, as did the defendant in *Best,* Sowell has a long history of prior offenses, which distinguishes this case from *Clark* and makes enhancement reasonable. Under the facts and circumstances here, we cannot conclude that Sowell's sentence of nine years is manifestly unreasonable or unconstitutionally disproportionate.

AFFIRMED.

GARRARD and RUCKER, JJ., concur.