Stephen M. SHELTON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S00–9205–CR–348.

Supreme Court of Indiana.

Nov. 13, 1992.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

This appeal presents a question of first impression. When the State charges a defendant with certain offenses which may be enhanced by virtue of prior convictions and also alleges that the defendant is an habitual offender, must the trial proceed in three separate phases? We hold it need not.

Appellant Stephen M. Shelton was charged with the following by information: count I, attempted murder, Ind.Code Ann. § 35–42–1–1 (West Supp.1992) and Ind. Code Ann. § 35–41–5–1 (West 1986); count II, auto theft, Ind.Code Ann. § 35–43–4–2.5(b) (West Supp.1992); and count III, possession of a handgun without a license, Ind.Code Ann. § 35–47–2–1 (West Supp. 1992) and Ind.Code Ann. § 35–47–2–23(c) (West 1986).

The State also charged three counts amounting to recidivist claims: count IV, habitual offender, Ind.Code Ann. § 35–50–2–8 (West Supp.1992); count V, auto theft with a prior auto theft conviction, Ind.Code Ann. § 35–43–4–2.5(b); and count VI, possession of a handgun without a license with a prior felony conviction within fifteen years, Ind.Code Ann. § 35–47–2–1 and Ind. Code Ann. § 35–47–2–23(c).

Shelton was tried before a jury and convicted on all counts. The trial court imposed concurrent terms of 70 years for count I, eight years for count II, and three years for count III.

Appellant raises two issues on direct appeal: (1) Did the trial court err in holding a bifurcated, rather than a trifurcated, trial? (2) Was the evidence at trial sufficient to sustain the jury's determination that defendant was guilty of attempted murder? We affirm.

Because counts IV, V, and VI required consideration of defendant's prior convictions, the court bifurcated the proceedings and separated the consideration of defendant's guilt on counts I, II, and III from the determination of counts IV, V, and VI. After presentation of evidence in phase one, the jury found defendant guilty of attempted murder (count I), auto theft (count II), and possession of a handgun without a license (count III).

In count IV, the State charged Shelton with being an habitual offender as defined in Ind.Code Ann. § 35–50–2–8(a): "The state may seek to have a person sentenced as an habitual offender for any felony by alleging ... that the person has accumulated two (2) prior unrelated felony convictions." The statute directs the court to increase the sentence for a felony conviction if the jury finds the defendant to be an habitual offender. In support of the habitual offender charge, the State provided evidence of defendant's two prior convictions for auto theft, a class D felony, dated January 29, 1986 and June 14, 1988.

In count V, the State sought enhancement of Shelton's auto theft charge from a class D to a class C felony. Under Ind. Code Ann. § 35–43–4–2.5(b), auto theft is a class D felony. "However, the offense is a Class C felony if the person has a prior conviction of an offense under this subsection or subsection (c)." *Id.* Pursuant to the statute, the State provided evidence of defendant's felony conviction for auto theft on June 14, 1988.

In count VI, the State sought enhancement of defendant's handgun possession conviction from a class A misdemeanor to a class D felony. Under Ind.Code Ann. § 35–47–2–23(c), handgun possession in violation of Ind.Code Ann. § 35–47–2–1 is a class A misdemeanor which may be enhanced to a class D felony if the offender "has been convicted of a felony within fifteen [15] years before the date of the offense." The State relied upon Shelton's June 1988 felony auto theft conviction to

support enhancement of the instant handgun conviction.

After presentation of the evidence of appellant's prior convictions in phase two, the jury found him guilty of Counts IV (habitual offender), V (auto theft with a prior felony auto theft conviction), and VI (handgun possession with a prior felony conviction within 15 years).[1]

### Is a Trifurcated Trial Required?

Appellant argues that the trial court should have divided the proceedings into three phases: (1) the guilt/innocence determination on the attempted murder, auto theft, and handgun possession charges; (2) the determination of whether the auto theft and handgun possession convictions should be elevated to higher class felonies; and (3) the determination of whether Shelton was a habitual offender pursuant to Ind.Code Ann. § 35–50–2–8.

█ This Court has never considered the issue of whether trifurcated proceedings are required when a defendant is charged with a felony and the State relies on the defendant's prior convictions to obtain both elevation of the predicate felony and a determination the defendant is an habitual offender. We have held, however, that bifurcated proceedings are required when the State seeks an habitual offender determination. *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830.

In *Lawrence*, this Court imposed a bifurcation requirement on trials in which an habitual offender count accompanies a felony charge. The habitual offender statute was therefore amended to reflect this bifurcation requirement. *Shepler v. State* (1980), 274 Ind. 331, 340, 412 N.E.2d 62, 69. Under the statute, a jury is not presented with an habitual offender charge until after it has determined the defendant's guilt or innocence on the underlying felony charge. If the jury finds the defendant guilty, "the jury ... reconvene[s] for the sentencing hearing" on the habitual offender count. Ind.Code Ann. § 35–50–2–8(c).

The bifurcation requirement of *Lawrence* was adopted to ensure that in habitual offender cases the consideration of a defendant's prior convictions is removed from the jury's guilt/innocence determination on the felony charge. 259 Ind. 306, 286 N.E.2d 830. Evidence of prior convictions "is generally inadmissible in a criminal case, because it has no tendency to establish the guilt or innocence of the accused but, if effective at all, could serve only to prejudice or mislead or excite the minds and inflame the passions of the jury." *Id.* at 310, 286 N.E.2d at 832. In *Lawrence* we concluded that any state interest in having the prior conviction evidence heard in the same phase as evidence of the felony is outweighed by the injustice to a defendant from a jury determining his guilt or innocence with knowledge of his prior conviction. *See id.* at 312, 286 N.E.2d at 834.

In *Shepler*, 412 N.E.2d at 69, we explained the rationale underlying the bifurcation requirement: "The purpose of ... bifurcated proceeding[s] is to prevent the jury from being tainted by knowledge of the defendant's prior felony convictions, in determining his guilt or innocence of the charge before them." By separating the consideration of prior convictions from the jury's initial guilt/innocence determination, the defendant is provided a fair and impartial jury to determine his guilt or innocence on the underlying felony charge. In *Turpin v. State* (1982), Ind., 435 N.E.2d 1, 3, this Court explained:

> It is clearly established that our habitual offender statute ... seeks to provide a fair procedure by which an individual convicted of a felony may receive an enhanced sentence. The bifurcated nature of the proceeding has been determined to be necessary by this Court in order to guarantee the accused's right to a fair trial on the underlying felony charge.

In *Sweet v. State* (1982), Ind., 439 N.E.2d 1144, this Court extended the *Lawrence* bifurcation requirement to a situation in

---

1. As Justice DeBruler points out, whether the State may use these prior felony convictions for charge enhancement, aggravation, and habitual offender purposes is not at issue in this appeal.

which a prior drug conviction was used to obtain enhancement of a drug conviction. The statute involved in *Sweet,* Ind.Code Ann. § 35–48–4–10(iii),[2] provided for elevation of a drug charge from a class A misdemeanor to a class D felony when the person charged had been previously convicted of an offense involving marijuana or hashish. Noting the similarity between that charge elevation provision and the habitual offender statute, *id.* at 1146, we applied the *Lawrence* bifurcation requirement to charges which allege that a person has been previously convicted of an offense involving marijuana or hashish. *Id.* at 1147. The Court explained, "a bifurcated trial is required as it is the best procedure to insure that the jury remains uninformed about a defendant's prior convictions until the appropriate time." *Id.*

The Court of Appeals has applied *Sweet* to other situations in which the State seeks elevation of a criminal charge based upon a prior conviction. For example, in *Smith v. State* (1983), Ind.App., 451 N.E.2d 57, the Court of Appeals held that the *Lawrence* bifurcation requirement applied when the State sought elevation of intoxicated driver charges convictions. *Id.* at 62. The court reasoned that the statutory provisions involved in the two cases were virtually indistinguishable in that both provide for enhancement from a class A misdemeanor to a class D felony upon proof of a previous similar conviction. *Id.* In this case, we hold that the trial court did not err in holding bifurcated, rather than trifurcated, proceedings. The jury was not provided evidence of the defendant's prior auto theft convictions until after it had heard evidence and determined the defendant's guilt on the attempted murder, auto theft, and handgun possession charges. Therefore, the jury

which determined Shelton's guilt was not tainted by knowledge of his prior felony convictions.

Holding the charge enhancement and habitual offender determinations in the same phase of a trial does not offend any interest of the defendant in a fair trial. Indeed, trifurcated proceedings do not provide defendants any additional protections beyond those which bifurcated proceedings afford. In making the charge enhancement and habitual offender determinations a jury is not required "to find defendant guilty of another charge, but merely to find facts which would enhance defendant's sentence." *Wise v. State* (1980), 272 Ind. 498, 503, 400 N.E.2d 114, 118. In a charge enhancement or habitual offender proceeding, the jury need only find that the defendant had the requisite prior convictions. "Proof of a conviction ... carries with it the assurance that the facts underlying that conviction have already been fully established to an untainted, unbiased jury in a forum in which the full protections of the Constitution were afforded to the defendant." *State v. McCormick* (1979), 272 Ind. 272, 279, 397 N.E.2d 276, 281.

The dicta of *Sowell v. State* (1992), Ind. App., 590 N.E.2d 1123, 1124, *trans. denied,* on which appellant rests his entire argument on the trifurcation issue, is in error in relying upon the opinions of this Court for the proposition that trifurcated proceedings are required when the State seeks both a charge elevation and an habitual offender determination.[3] *Sowell* was incorrect in concluding that the interests of a defendant in a fair and impartial guilt/innocence determination are offended when a jury hears charge enhancement and habitual offender counts together in the second phase

---

**2.** The current version of that statute is at Ind. Code Ann. § 35–48–4–10(b)(1)(C) (West Supp. 1992).

**3.** *Sowell* cites *Clark v. State* (1990), Ind., 561 N.E.2d 759 and *Woods v. State* (1984), Ind., 471 N.E.2d 691, as support for the requirement that "when the State seeks to elevate a misdemeanor charge to a felony based on prior convictions, and also seeks an habitual offender enhancement ..., the trial must be conducted in three separate phases." *Sowell,* 590 N.E.2d at 1124.

However, neither *Clark* nor *Woods* addresses this issue or makes any statement regarding the necessity of trifurcated proceedings in such a case. The cases merely state the fact that the trial court had held trifurcated proceedings. *Clark,* 561 N.E.2d at 761; *Woods,* 471 N.E.2d at 692. At most, the two cases indicate that some trial courts choose to hold trifurcated proceedings when both charge enhancement and habitual offender counts are involved.

of a bifurcated trial. Such interests are not offended by bifurcated proceedings.

The trial court was not required to conduct a trifurcated proceeding. It did not err in proceeding as it did.

### Sufficiency of the Evidence

■ Appellant also argues that the evidence is insufficient to sustain his conviction for attempted murder. In reviewing the sufficiency of the evidence, this Court neither reweighs the evidence nor judges credibility. *Stwalley v. State* (1989), Ind., 534 N.E.2d 229. We consider only the evidence which is most favorable to the State's verdict, together with all reasonable and logical inferences therefrom. *Id.* "The conviction will be affirmed if there is evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt." *Owens v. State* (1989), Ind., 544 N.E.2d 1375, 1377.

The facts most favorable to the jury's verdict are as follows. Vernon Hill, battalion chief of the Gary Fire Department, drove through an alley and encountered defendant sitting in a car. A second man was stripping another car. When that man saw Hill, he ran towards Shelton's car and Shelton drove away before the man reached the car. Hill then pursued Shelton for a time until defendant hit a parked vehicle, lost control of the car, and drove onto the yard of a house. Hill jumped out of his car, and Shelton jumped out of his car. Hill moved towards Shelton, who raised a gun against him. Shelton then shot the gun at Hill twice as Hill jumped back into his car and drove off. The first bullet was fired towards Hill from a distance of twelve feet, and the second was fired from behind the car, from a distance of approximately thirty feet. After the shots Hill continued to pursue appellant, who had run away on foot. Hill found him, jumped out of his car, and chased defendant on foot. Appellant then ran up to a house. Shelton was knocking on the door when a police officer arrived and ordered him to throw down his gun. Shelton did so. He was then arrested. At trial, Hill identified appellant as the person who shot at him.

Appellant argues that a reasonable juror could not conclude beyond a reasonable doubt that he intended to kill Vernon Hill. The only evidence of attempted murder, he claims, was that he shot at least two times at Hill. Appellant argues that an inference of intent to kill from this fact should not be sufficient to establish that he intended to kill Hill.

■ Shelton maintains that he did not act with the specific intent to kill Hill. First, he notes, he raised his gun at Hill when Hill was twelve feet away from him, but did not shoot at Hill until Hill had jumped back into his car. Second, Hill was not physically injured. Shelton's shots went into the fender of Hill's vehicle and through the door behind which Hill was standing. Shelton argues that such evidence indicates he neither believed, nor had good reason to believe, that the bullet would pass through the door and hit Hill. According to Shelton, the fact that he did not shoot at Hill until Hill was behind the car door and driving away indicates defendant meant not to kill Hill but only to discourage further pursuit. Finally, Shelton argues that an intent to kill Hill cannot be inferred from the facts because defendant had no reason to shoot Hill other than to discourage further pursuit.

The evidence in this case was sufficient to support the attempted murder conviction. A reasonable trier of fact could conclude beyond a reasonable doubt that Shelton intended to kill Hill when he raised a handgun at him and shot at him twice from distances of twelve and thirty feet, and that such action constituted a substantial step toward carrying out that intent. *See* Ind.Code Ann. § 35–41–5–1 ("A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime."); Ind.Code Ann. § 35–42–1–1 ("A person who ... knowingly or intentionally kills another human being ... commits murder, a felony.").

Firing a gun in the direction of another person is "substantial evidence" from which a jury may infer intent to kill. *Owens,* 544 N.E.2d at 1377. In *Owens,* we held that an attempted murder conviction was supported by sufficient evidence when the facts showed defendants shot a gun in the direction of an individual's vehicle, and the shots passed through the vehicle's windshield. *Id.* Also, in *Brumbaugh v. State* (1986), Ind., 491 N.E.2d 983, 985, we upheld an attempted murder conviction when the facts established that the defendant shot at police officers from a distance of 200 yards. In that case, we rejected Brumbaugh's argument that he did not intend to kill the officer, but only meant to frighten them.

Shelton fired a handgun two times from a short distance away directly in Hill's direction. He used a deadly weapon against Hill in a manner reasonably calculated to cause him death or great bodily harm. From such evidence, a reasonable juror could infer beyond a reasonable doubt that defendant intended to kill Hill. *See Leon v. State* (1988), Ind., 525 N.E.2d 331. Therefore, we hold the evidence sufficient to sustain defendant's conviction for attempted murder.

The judgment of the trial court is affirmed.

GIVAN and KRAHULIK, JJ., concur.

DeBRULER, J., concurs in result with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, concurring in result.

In the charge elevation and habitual offender phase of appellant's trial the State used appellant's June 14, 1988 class D felony conviction for auto theft to elevate Count II from a class D to a class C felony and Count III from a class A misdemeanor to a class D felony, as part of the circumstances aggravating both those sentences, and as one of the two prior convictions required for the thirty year habitual offender enhancement. I concur in the decision reached in this case but would not have this vote construed as sanctioning the use of a prior felony conviction for charge elevation, aggravation, and habitual offender enhancement. The question of whether or not this use is lawful I deem to be unresolved in Indiana and an issue not raised in this case.

DICKSON, J., concurs.