**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana



**FILED**
Oct 31 2012, 9:34 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GAUDE L. HUGHES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1203-CR-132 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-1010-MR-81677

**October 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Gaude L. Hughes appeals her conviction of Class A felony voluntary manslaughter.[1] She presents three issues for our review, which we consolidate and restate as:

1.      Whether the State presented sufficient evidence to rebut Hughes' claim of self-defense and to prove Hughes committed Class A felony voluntary manslaughter; and

2.      Whether the trial court misstated Hughes' conviction on the abstract of judgment.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 23, 2010, Hughes and her sisters argued with John Norwood in the parking lot of Hughes' apartment complex. Hughes shot Norwood, and he later died. Hughes dismantled the gun she used to shoot Norwood, and she threw the pieces in the White River.

The State charged Hughes with murder, a felony,[2] and Class A misdemeanor carrying a handgun without a license.[3] After a bench trial, the trial court found Hughes guilty of the lesser-included offense of Class A felony voluntary manslaughter and guilty of Class A misdemeanor carrying a handgun without a license, and it sentenced her to an aggregate sentence of thirty years, with five years suspended.

---

[1] Ind. Code § 35-42-1-3.
[2] Ind. Code § 35-42-1-1.
[3] Ind. Code § 35-47-2-1.

**DISCUSSION AND DECISION**

1.      Sufficiency of the Evidence

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

a.      Self-Defense

Hughes argues the State did not rebut her self-defense claim. For her self-defense claim to be successful, Hughes had to show she: (1) was where she had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Brand v. State*, 766 N.E.2d 772, 777 (Ind. Ct. App. 2002), *trans. denied*. The State has the burden of rebutting the defendant's claim of self-defense. *Id.* To do so, the State must negate at least one of the three elements of a self-defense claim. *Id.* We review the sufficiency of the evidence to rebut a claim of self-defense in the same

3

way we review any sufficiency claim.  *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002).

Hughes shot Norwood after an argument in the apartment complex where Hughes and some of her family lived.  Therefore, she was in a place where she had a right to be.  Hughes testified Norwood was larger than she and Norwood had physically attacked her sisters during the altercation.  However, there was evidence it was Hughes who started the altercation by verbally attacking Norwood while he was in his vehicle, and she continued to yell at him until he reacted.  In addition, despite the opportunity to do so, Hughes did not disengage from the situation; rather, she voluntarily participated in the incident.  Thus, the State rebutted Hughes' claim of self-defense.  *See id*. (self-defense sufficiently rebutted because Wilson was a voluntary participant in the altercation).

### b. Voluntary Manslaughter

To prove Hughes committed Class A felony voluntary manslaughter, the State had to prove she knowingly killed Norwood while acting in sudden heat.  Ind. Code § 35-42-1-3.  Hughes admitted she fired the gun that killed Norwood, but she contends the State did not prove she did so knowingly.  We disagree.

Conduct is done "knowingly" if, when a person engages in the conduct, she "is aware of a high probability [she] is doing so."  Ind. Code § 35-41-2-2(b).  A knowing killing may be inferred from a person's use of a deadly weapon in a way likely to cause death.  *Bethel v. State*, 730 N.E.2d 1242, 1246 (Ind. 2000).  Firing a gun in the direction of another person is evidence of intent to kill.  *Shelton v. State*, 602 N.E.2d 1017, 1022 (Ind. 1992).  While Hughes contends she did not aim the gun at Norwood, the evidence permitted the court to

reasonably infer she knew there was a high probability Norwood could be hit by the shot she fired. *See Kiefer v. State*, 761 N.E.2d 802, 805 (Ind. 2002) ("The trier of fact may infer intent to kill from the use of a deadly weapon in a manner likely to cause death or great bodily harm.").

    2.    <u>Abstract of Judgment</u>

Hughes requests that we remand to the trial court for correction of the abstract of judgment. The State argues remand for correction is not necessary, as the purpose of the abstract of judgment – informing the DOC of the offender's convictions and sentences therefore, *see Robinson v. State*, 805 N.E.2d 783, 794 (Ind. 2004) (abstract of judgment used to "to convey the final judgment to the receiving authority") – has been achieved. *See Indiana Offender Database*, <u>http://www.in.gov/apps/indcorrection/ofs/ofs?lname=Hughes&fname=Gaude&search1.x=35&search1.y=4</u> (last accessed October 2, 2012) (listing Hughes' crime as "Voluntary Manslaughter").

An abstract of judgment is a form provided to the Department of Correction (DOC) for reporting the conviction and sentence to the DOC. The abstract of judgment is not a judgment of conviction, and is not controlling. *Robinson*, 805 N.E.2d at 794. Ind. Code § 35-38-3-2 requires a judgment of conviction include "the crime for which the convicted person is adjudged guilty and the classification of the criminal offense," and Hughes's judgment of conviction included that information.

We agree with the State, and further note, as we did in *Lay v. State*, "the benefits that

may result [from remand to the trial court for an amended abstract of judgment for clarity in regard to the Department of Correction's records]. . . are in our estimation outweighed by considerations of judicial economy." 933 N.E.2d 38, 43 n.8 (Ind. Ct. App. 2010), *trans. denied*.

## CONCLUSION

The State presented sufficient evidence to rebut Hughes' claim of self defense and to prove she committed Class A felony voluntary manslaughter, and we decline to remand for correction of the abstract of judgment. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.