**Corinthian MANLEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8712–CR–1184.**

Supreme Court of Indiana.

March 21, 1989.

Scott L. King, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Carrying a Handgun Without a License, for which he received a sentence of four (4) years, enhanced by thirty (30) years by reason of a finding of his status as an habitual offender.

The facts are: In the early morning of August 27, 1985, Officer Evans of the East Chicago Police Department was on patrol when he was flagged down by Willie Wilson. Wilson informed him that appellant had shot at him and driven away in a green automobile with a broken windshield. While Evans was still conversing with Wilson, Wilson identified a passing automobile

as being driven by appellant. Officer Evans radioed for assistance, then pursued appellant.

In response to the call for assistance, Officer George Purbai drove to the intersection of 105th and Alexander Streets in East Chicago where he intercepted appellant. The officers ordered appellant from the car, and he exited carrying a handgun. Upon orders from the officers, he threw down the gun. Appellant was unable to produce a permit for the carrying of the handgun.

■ Appellant claims the trial court erred in admitting State's Exhibits II-1 and II-2. Exhibit II-1 was a booking card for appellant's arrest on the instant charge. State's Exhibit II-2 was a booking card showing appellant's arrest on June 23, 1978 for an unrelated crime. Both exhibits contained photographs and physical descriptions including appellant's address, birth place, and other pertinent identifying information.

Officer Dan Sebben of the Lake County Police Department testified that he was keeper of the records at the Lake County Jail and that State's Exhibits II-1 and II-2 were booking cards of appellant kept in the regular course of business at the jail. Appellant claims this testimony was insufficient in that Sebben stated only that he was a supervisor of the person that filled out the identifying information but had no firsthand knowledge of that information.

Appellant further claims that as to State's Exhibit II-2 the witness stated that he was not even the supervisor of the person who filled out the information on the booking card. As pointed out by the State, the witness need only show that the exhibit is part of records kept in the routine course of business and placed in the record by an authorized person having personal knowledge of the transaction represented by the entry. *Perkins v. State* (1985), Ind., 483 N.E.2d 1379. The testimony of Officer Sebben accomplished this requirement. We see no error in the introduction of State's Exhibits II-1 and II-2.

■ Appellant claims the evidence is insufficient to sustain the allegation that he is an habitual offender. He in part bases this allegation on his contention that State's Exhibits II-1 and II-2 were improperly in evidence. Inasmuch as we have found those exhibits were properly in evidence, they must be considered in determining the sufficiency of the allegation of habitual offender.

When these exhibits are taken into consideration, the evidence is adequate to sustain the jury's finding that appellant was an habitual offender. Officer Sebben again testified at the habitual offender phase of the proceeding that he was a keeper of the records of the Lake County Jail, and he identified State's Exhibits III-1, III-2, and III-3 as records kept in the jail. State's Exhibits III-1 and III-2 consisted of the records of one Corinthian Manley and contained charging information and commitment orders showing that he was convicted and sentenced for the offense of theft under $100 on October 5 and 10, 1973 in Cause Number 43982. State's Exhibit III-3 consisted of two certified sheets showing that one Corinthian Manley had been convicted and sentenced for one count of robbery, a Class B felony, on November 26, 1979.

The exhibits contained photographs of appellant as well as extensive personal information describing his age, race, height, weight, sex, and so forth. These exhibits were properly admitted by the trial court.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.