Tammy STATEN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0509–CR–564.

Court of Appeals of Indiana.

March 22, 2006.

Transfer Denied June 13, 2006.

Karen C. Horseman, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Tammy Staten appeals her conviction for Carrying a Handgun Without a License, as a Class C felony, following a bench trial. She presents a single issue for review, namely, whether the evidence is sufficient to support her conviction.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On November 12, 2004, Staten's probation officer, Gwyn Green, received a report that Staten was selling marijuana out of her car. Accompanied by two detectives, Green approached Staten at work and asked to search her car. Staten consented, and during the search, a detective found marijuana and a disassembled Derringer in Staten's purse in the car.

The State charged Staten with Carrying a Handgun Without a License, as a Class A misdemeanor, Possession of Marijuana, as a Class A misdemeanor, and Carrying a Handgun Without a License, as a Class C

felony.[1] On the day of trial, the court granted the State's motion to dismiss the marijuana charge. At the conclusion of evidence, the court entered judgment of conviction for carrying a handgun without a license, as a Class C felony. The trial court sentenced Staten accordingly, and this appeal ensued.

## DISCUSSION AND DECISION

Staten contends that the State presented insufficient evidence to sustain her conviction for carrying a handgun without a license. Specifically, she asserts that a disassembled handgun does not meet the definition of "firearm" under Indiana Code Section 35-47-1-5 and, therefore, that she was not carrying a handgun in violation of Indiana Code Section 35-47-2-1. We cannot agree.

■ When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor judge the credibility of witnesses. *Grim v. State,* 797 N.E.2d 825, 830 (Ind.Ct.App.2003). Rather, we consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction. *Id.* We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt. *Id.*

To prove the offense of carrying a handgun without a license, as a Class C felony, the State was required to show that Staten had a handgun in her vehicle and lacked a license to carry that handgun. *See* Ind. Code § 35-47-2-1. A handgun is defined under Indiana Code Section 35-47-1-6 as any firearm capable of being fired with one

hand or having certain measurements. And Indiana Code Section 35-47-1-5 defines a "firearm" as "any weapon that is capable of or designed to or that may readily be converted to expel a projectile by means of an explosion."

■ Staten asserts that whether a disassembled gun is a firearm under Indiana Code Section 35-47-1-5 is an issue of first impression in Indiana, requiring construction of the statute. But we need not construe the statute. Section 35-47-1-5 includes any weapon *"that may readily be converted* to expel a projectile by means of an explosion." (Emphasis added). The statute clearly contemplates that some conversion, such as reorganization or assembly, of parts may be required. Thus, we conclude that the statute includes in the definition of "firearm" a disassembled gun.

Our holding in *Manley v. State,* 656 N.E.2d 277 (Ind.Ct.App.1995), *trans. denied,* is relevant by analogy. After being convicted of carrying a handgun without a license, Manley petitioned for post-conviction relief on the ground that the gun he was convicted of carrying was inoperable. We concluded that his claim was an indirect attack on the sufficiency of evidence and held that, "according to the plain terms of the statutes, Indiana law does not require that the State prove a handgun is operable to obtain a conviction [for] carrying a handgun without a license." *Id.* at 279. We further held that the handgun, though inoperable, "had been designed to expel a projectile by means of an explosion." *Id.*

Here, the disassembled Derringer found in Staten's purse also meets the definition of "firearm" under Indiana Code Section 35-57-1-5. Specifically, although it was disassembled, the pieces, upon reassembly,

---

1. The last charge was for carrying a handgun while having a prior felony conviction.

could "readily [have been] converted to expel a projectile by means of an explosion." *See* Ind.Code § 35–57–1–5. Video evidence at trial showed two police officers readily assembled the handgun and fired it in a matter of seconds. And, like the handgun in *Manley*, it had been designed to expel a projectile by means of an explosion, and the fact that the handgun was not immediately capable of firing was irrelevant under the statute.

Affirmed.

BAKER, J., and BAILEY, J., concur.