**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JACK R. O'BRYAN**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 06 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMIKA J. TALLEY, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A05-1107-CR-407 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Les A. Meade, Judge
Cause No. 79D05-1010-CM-951

**March 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a jury trial, Jamika Talley appeals her conviction of criminal conversion, a Class A misdemeanor. The sole issue on appeal is whether sufficient evidence was presented to sustain her conviction. Concluding sufficient evidence was presented, we affirm.

## Facts and Procedural History

In September 2010, Talley, two friends, her brother, and her three-year-old son entered a department store. Talley proceeded to the layaway department in the back of the store and paid the remaining balance for some items she previously placed on layaway with a deposit. The employee checked Talley's identification, accepted payment, handed Talley a receipt, and put the items in a plastic bag for Talley. Talley then walked around the store searching for her companions and browsing the aisles of merchandise.

A loss prevention officer monitored Talley via security cameras and then walked out on the floor to observe her in person. The loss prevention officer later testified that she observed Talley place several items inside the bag of purchased layaway items and beneath the bag of layaway items in the shopping cart. Talley then made additional purchases and left the store without paying for the items which the loss prevention officer observed Talley place in and beneath the layaway bag.

Talley was arrested and charged with criminal conversion, a Class A misdemeanor. A jury found her guilty as charged, and the trial court entered a judgment of conviction and sentenced her to one year suspended to probation. Talley now appeals.

## Discussion and Decision

### I. Standard of Review

Our standard of reviewing a sufficiency claim is well-settled: we do not assess witness credibility or reweigh the evidence, and "we consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction." Staten v. State, 844 N.E.2d 186, 187 (Ind. Ct. App. 2006), trans. denied. "We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt." Id.

### II. Criminal Conversion

The criminal conversion statute states that one "who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion." Ind. Code § 35-43-4-3(a). The definition of "control over property of another" that is "unauthorized" includes the exertion of control "in a manner or to an extent other than that to which the other person has consented." Ind. Code § 35-43-4-1(b)(2).

On appeal Talley construes evidence presented in a manner intended to raise doubt about her guilt. For example, she states: the "chance" of confusion with another customer's goods is "quite possible," and an employee or her companions "may have" accidentally placed additional items in Talley's bag. Brief of Appellant at 9-10. She argued this to the jury as proposed alternate versions of what occurred. We will not reweigh evidence or judge the credibility of witnesses. The loss prevention officer

testified that she saw Talley remove clothing from the store racks and hangers and place them inside and beneath her bag of purchased layaway items. This testimony is sufficient to sustain Talley's conviction.

Conclusion

Sufficient evidence was presented to sustain Talley's conviction, and therefore we affirm.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.