**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JENNIFER D. WILSON**
Wilson, Green and Cecere
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jul 27 2012, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY RAMIREZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 41A04-1109-CR-475 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JOHNSON CIRCUIT COURT
The Honorable K. Mark Loyd, Judge
Cause No. 41C01-1105-FC-48

**July 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a bench trial, Anthony Ramirez appeals his convictions of battery with a deadly weapon as a Class C felony and residential entry as a Class D felony. Ramirez raises one issue, which we restate as whether sufficient evidence was presented to sustain his convictions. Concluding that sufficient evidence was presented, we affirm.

## Facts and Procedural History

In the early morning hours of May 22, 2011, Sara Agee was speaking with Andrew Copley in front of Agee's home. Ramirez, wearing a black sweatshirt and black sweatpants and accompanied by a man of a smaller build, approached Agee and Copley and briefly spoke with them. Agee and Copley became suspicious when they observed Ramirez and the other man circle the neighborhood and return, so Agee and Copley left Agee's home to check on Copley's nearby home.

Upon confirming that Copley's home was safe, Agee and Copley saw Ramirez and his companion head towards Agee's home again. Copley and Charles Gardner then went to check on Agee's home and saw boards broken on Agee's rear gate. Copley and Gardner heard people running through Agee's home and saw them run out a screen door towards them. One of the intruders, the larger of the two, hit Gardner with a metal pipe once on the head and twice on the back. Copley identified the pipe-wielding assailant as Ramirez, and Gardner confirmed that person was wearing sweat pants and a black shirt. Gardner later testified about what Copley told him: "[Copley] said that he knew [Ramirez] and knew of him and that is who it was," who hit Gardner. Transcript at 64. The two intruders continued to flee.

2

An officer responding to an emergency call arrived at the scene and chased and caught a man in a red shirt and blue jeans, John Beatty. Beatty was armed with a hammer, which he told officers he obtained from Ramirez. Beatty's statements to the officer led officers to search Terry Stinson's home, which was within a few blocks of Agee's home. Officers found Ramirez sweaty, clothed, and hiding in Stinson's shower. Officers found black sweats outside the shower which were sweaty and did not belong to anyone in the Stinson household. Just outside the bathroom in which Ramirez was hiding officers also found a metal pipe which did not belong to anyone in the Stinson household.

Gardner was bleeding from his head and was taken to a hospital for emergency care. He received six to seven stitches in his head and a "fairly strong" medication to alleviate his pain.

Ramirez was charged with battery by means of a deadly weapon and residential entry. Following a bench trial, the trial court found him guilty of both counts, entered a judgment of conviction, and sentenced him to an aggregate of eight years. Ramirez now appeals his convictions.[1,2]

---

[1] Ramirez's appellant's appendix contains a copy of the presentence investigation report on white paper in violation of the Indiana Rules of Court. Appellants App. at 92-140. Indiana Administrative Rule 9(G)(1)(b)(viii) provides that "[a]ll presentence reports pursuant to Ind. Code § 35-38-1-13" are "excluded from public access" and "confidential." Indiana Appellate Rule 9(J) requires that "[d]ocuments and information excluded from public access pursuant to Ind. Administrative Rule 9(G)(1) shall be filed in accordance with Trial Rule 5(G)." Indiana Trial Rule 5(G) states, "Whole documents that are excluded from public access pursuant to Administrative Rule 9(G)(1) shall be tendered on light green paper or have a light green coversheet attached to the document, marked Not for Public Access or Confidential."

[2] Ramirez's appellate brief confuses the Statement of Case with the Statement of Facts. Indiana Appellate Rule 46(A)(5) provides that the Statement of Case "shall briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues by the trial court or Administrative Agency. . . ." Rule 46(A)(6) provides that the Statement of Facts "shall describe the facts relevant to the issues presented for review but need not repeat what is in the statement of the case. . . . (b) The facts shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed. (c) The statement shall be in narrative form and shall not be a witness by witness summary of the testimony. . . ." In other words, the Statement of Case is generally a brief statement of the nature of the case and the relevant procedural history leading up to the appeal, while the Statement of Facts is a summary of the relevant facts of the case – stated

## Discussion and Decision

### I.  Standard of Review

Our standard of reviewing a sufficiency claim is well-settled: we do not assess witness credibility or reweigh the evidence, and "we consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction."  Staten v. State, 844 N.E.2d 186, 187 (Ind. Ct. App. 2006), trans. denied.  "We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt."  Id.

### II.  Battery with a Deadly Weapon and Residential Entry

To convict Ramirez of battery with a deadly weapon as a Class C felony, the State was required to prove beyond a reasonable doubt that Ramirez (1) knowingly or intentionally; (2) touched Gardner in a rude, insolent, or angry manner; and (3)(a) did so by means of a deadly weapon, or (3)(b) which resulted in Gardner's serious bodily injury.  See Ind. Code § 35-42-2-1(a)(3).  To convict Ramirez of residential entry, the State was required to prove beyond a reasonable doubt that Ramirez (1) knowingly or intentionally (2) broke and (3) entered (4) the dwelling (5) of another.  See Ind. Code § 35-43-2-1.5.

On appeal Ramirez essentially argues he was mistakenly identified and was not the larger man who wore black sweats, wielded a pipe, and unlawfully entered Agee's home.  Ramirez's appellate brief summarizes the evidence presented in a light favorable

---

in accordance with the applicable standard of review – which led to the criminal charge or dispute which a trial court ruled upon, and that ruling is being appealed.

4

to his cause while repeatedly stating that police investigators should have done more to gather additional evidence or use various forensic testing methods on the items of evidence collected. Ramirez questions the credibility of witnesses, suggests alternate explanations for the evidence presented, and states that his convictions should not stand because, in part, "[t]here is insufficient evidence to rule out all of the other dark clothed individuals in the vicinity that evening without the forensic testing." Appellant's Brief at 25. He also declares that "[i]n today's world with the incredible technology available to law enforcement officials and the legal community, there is no reason why such carelessness by investigators should be tolerated by the judiciary." Id. at 24. Finally, Ramirez appears to blame the dynamics of the judicial system. Specifically, when arguing that the testimonies of other witnesses should not have been found to be credible, he states that, as "a result of Defendant exercising his Constitutional rights not to take the stand, any possible motive for Copley or Beatty to incriminate the Defendant was impossible to establish." Id. at 25.

This latter statement somewhat implies that the trial court held it against Ramirez that he did not testify in his own defense. There is no indication that the trial court did so, and, without evidence or an explicit argument that the trial court engaged in this improper action, we dismiss this potential argument. We also decline Ramirez's numerous invitations to reweigh the evidence and assess the credibility of witnesses.

As to the sufficiency of the evidence, the State was required to prove beyond a reasonable doubt that Ramirez committed the offenses, but was not required to present evidence "to rule out" the possibility of others having done so. Forensic testing is not required by law to sustain a conviction. In considering only the evidence most favorable

to the verdict and reasonable inferences therefrom, we find the following evidence sufficient to conclude that Ramirez was the larger man who struck Gardner with a pipe and broke and entered Agee's home: Copley and Gardner's identification of Ramirez as the one who struck Gardner, Ramirez's proximity to the clothing and pipe when he was found, and Ramirez's sweatiness and flight from officers. While Copley and Gardner's identification of Ramirez might have been challenged at trial, on appeal we consider only the evidence most favorable to the verdict and do not assess the credibility of witnesses.

Therefore, sufficient evidence was presented and we affirm Ramirez's convictions.

## Conclusion

Sufficient evidence was presented to sustain Ramirez's convictions, and therefore we affirm.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.