**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 17 2013, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

AYANNA EARLS,                              )
                                          )
    Appellant-Defendant,              )
                                          )
        vs.                        )    No. 49A02-1304-CR-364
                                          )
STATE OF INDIANA,                          )
                                          )
    Appellee-Plaintiff.               )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Deborah Shook, Commissioner
Cause No. 49F07-1208-CM-60171

**December 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a bench trial, Ayanna Earls was convicted of battery, a Class A misdemeanor. On appeal Earls raises the sole issue of whether sufficient evidence was presented to sustain her conviction. Concluding that sufficient evidence was presented, we affirm.

## Facts and Procedural History

On July 23, 2012, Danyetta Blanton, a Speedway gas station employee, was working the second shift. Blanton's shift began after she relieved Earls, also a Speedway gas station employee. The two originally met through David Howgate, whose romantic relationship with Blanton had recently ended. During Blanton's shift, she and Earls were arguing via text message because Blanton believed Earls was spreading too much information about her personal life. Blanton had sent Earls a text message stating "keep my name out of your mouth." Transcript at 14.

Around 9:45 p.m., Blanton, a coworker, and a customer were standing outside the gas station talking. Blanton noticed Cristina Howgate, her ex-boyfriend's sister, pull into the gas station with Earls and two other individuals in the vehicle. Earls exited the car while the others remained inside. Earls walked toward Blanton, pushed the coworker aside, and struck Blanton in the face multiple times. Blanton fell to the ground, and some of the gas station customers and coworkers came outside and immediately broke up the fight. Earls then ran back to the car, and the car drove off. Blanton walked inside, called the police, and reported the altercation. Blanton sustained scratches and broken nails, and her left eye was blackened and swollen.

2

Sergeant Richard Ray with the Domestic Violence Unit of the Indianapolis Metropolitan Police Department arrived on the scene to investigate the incident. Blanton told Sergeant Ray that Earls attacked her. Sergeant Ray spoke with the witnesses, observed Blanton's injuries, and spoke with David Howgate. He attempted to speak with Christina Howgate, but she failed to return his calls. He then filed an affidavit against Earls, alleging she had committed battery resulting in bodily injury.

On August 29, 2012, the State charged Earls with battery. Following a bench trial, the trial court found Earls guilty, and sentenced her to 365 days suspended to probation. Earls was also required to attend sixteen hours of anger management classes and complete thirty-two hours of community service. The probation period concluded upon completion of both the anger management classes and community service. Earls now appeals her conviction.

Discussion and Decision

I. Standard of Review

Earls contends there is insufficient evidence to support her battery conviction because the evidence supports a finding that she acted in self-defense. The standard for reviewing a challenge to the sufficiency of the evidence to rebut a claim of self-defense is the same standard applied to any sufficiency of the evidence claim. Wallace v. State, 725 N.E.2d 837, 840 (Ind. 2000). We do not assess witness credibility or reweigh the evidence, and "we consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction." Staten v. State, 844 N.E.2d 186, 187 (Ind. Ct. App. 2006), trans. denied. Specifically, "[i]f there is sufficient

3

evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed." Wallace, 725 N.E.2d at 840.

## II. Self-Defense Claim

To convict Earls of battery as a Class A misdemeanor, the State needed to prove beyond a reasonable doubt that she knowingly or intentionally touched another person in a rude, insolent, or angry manner, resulting in bodily injury to any other person. Ind. Code § 35-42-2-1(a)(1)(A).

Earls challenges her battery conviction by claiming she acted in self-defense. A valid claim of self-defense is a legal justification to an otherwise criminal act. Wallace, 725 N.E.2d at 840. Our self-defense statute states in relevant part:

> (c) A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. . . .

Ind. Code § 35-41-3-2. For a successful self-defense claim, Earls must show that 1) she was in a place where she had a right to be; 2) she acted without fault; and 3) she had a reasonable fear of death or great bodily harm. Wallace, 725 N.E.2d at 840.

The State has the burden of disproving at least one of the elements of self-defense beyond a reasonable doubt. Hood v. State, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), trans. denied. The State may meet its burden "by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." Id.

Earls and Christina Howgate testified that Earls did not initiate the physical altercation, but rather Blanton started the fight when she spit on Earls and then charged towards her. Earls claimed that she pushed Blanton away and then fell to the ground with

4

Blanton on top of her and repeatedly hitting her. She further contends that she pushed Blanton away by grabbing her wrists, did not use more force than was necessary to defend herself from Blanton's attack, and then ran back to the car and left the gas station. She claims this proves she acted in self-defense.

Earls essentially asks that we assess witness credibility and reweigh the evidence in her favor, which is the role of the fact-finder, not the role of this court. Wright v. State, 828 N.E.2d 904, 906 (Ind. 2005). The trial court specifically stated, "I don't believe you, Ms. Earls and I don't find your testimony credible, nor that of your friend." Tr. at 54.

It was reasonable for the trial court to conclude that Earls's testimony lacked credibility and, therefore, failed to support her self-defense claim. Earls and Blanton clearly had a contentious relationship. Earls knew that Blanton was working at the gas station that night because Blanton relieved her from her shift earlier that day. After arriving at the gas station with a group of other women, only Earls exited the car. Although Earls argues she was attacked and repeatedly punched, the court noted that if Earls had been attacked as she claimed, all three women would have jumped out of the car to help her. However, none of the women did anything to help her. The trial court also observed Blanton weighed significantly less than Earls. Earls testified that she only pushed Blanton away by grabbing her wrists and did not use more force than necessary. Her testimony failed to account for the scratches, broken nails, and blackened and swollen left eye Blanton suffered. Moreover, after leaving the scene of the incident, neither Earls nor anyone else in the car called the police. Even though Earls had a right

5

to be at the gas station, she cannot claim self-defense after initiating a physical altercation.

As for Christina Howgate's testimony, "[a] witness's bias, prejudice or ulterior motives are always relevant at trial in that they may discredit her or affect the weight of her testimony." Shanholt v. State, 448 N.E.2d 308, 316 (Ind. Ct. App. 1983). Christina Howgate and Earls had both been deployed as part of the same Indiana National Guard unit. They were close friends and Christina Howgate previously stated that she would take a bullet for Earls, clearly indicating a bias.

Additionally, Sergeant Ray testified that he spoke with Blanton and other witnesses about the incident, and he observed Blanton's injuries before filing an affidavit against Earls alleging battery resulting in bodily injury. The testimony of Blanton and Sergeant Ray support the trial court's conclusion that Earls initiated the physical altercation and intentionally touched Blanton in a rude or angry manner, resulting in bodily injury. The State presented sufficient evidence to convict Earls of battery and to rebut her self-defense claim.

## Conclusion

Sufficient evidence was presented to sustain Earls's conviction, and therefore we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.