## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Michael D. Gross
Lebanon, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shannon Scott Clevenger,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 25, 2015

Court of Appeals Case No.
06A05-1504-CR-148

Appeal from the Boone Superior Court

The Honorable Rebecca McClure, Judge

Trial Court Cause No.
06D02-1405-CM-227

**May, Judge.**

[1] Shannon Scott Clevenger appeals his convictions of Class A misdemeanor domestic battery[1] and Class A misdemeanor interference with reporting of a crime.[2] He asserts the evidence was insufficient to sustain his convictions.

[2] We affirm.

## Facts and Procedural History

[3] In May 2014, Clevenger lived with Kimberly Morgan. On May 3, the two went out to drink alcohol at a bar. While there, they had an argument, and Clevenger left the bar and walked home. Morgan returned home later, and the two began fighting again. During the fight, Clevenger pushed Morgan into the wall with sufficient force to put a hole in the wall. When Morgan tried to call 911, Clevenger broke Morgan's cell phone in half.

[4] The neighbors called the police to report a domestic disturbance. When the officer arrived at the apartment, he observed a hole in the wall near the back door of the apartment, a scratch on Morgan's arm, blood on the wall near the hole, and the broken cell phone. At the scene, Morgan wrote and signed a statement about the events that happened, and that statement provided:

> I, Kim Morgan came home and Scott Clevenger threw me by my
> hair into the wall, cut my arm, snapped my phone when I said I

---

[1] Ind. Code § 35-42-2-1.3(a) (2012).

[2] Ind. Code § 35-45-2-5 (2002).

was gonna [sic] call 911. My upper back's hurting from him throwing me into the wall.

(Ex. at 12.)

[5] The State charged Clevenger with Class A misdemeanor domestic battery and Class A misdemeanor interference with reporting of a crime based on his breaking of the cell phone when Morgan tried to call for help. During the bench trial, Morgan testified the statements she told the police about the incident were "probably incorrect." (Tr. at 16.) After hearing all the evidence, the court found Clevenger guilty on both counts. The court imposed concurrent one-year sentences.

## Discussion and Decision

[6] Clevenger contends neither of his convictions were supported by sufficient evidence because they were based on repudiated out-of-court statements. When reviewing sufficiency of evidence, we neither reweigh the evidence nor judge the credibility of witnesses; rather, we consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction. *Staten v. State*, 844 N.E.2d 186, 187 (Ind. Ct. App. 2006), *trans. denied*. We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt. *Id.*

[7]    It is well settled that a conviction may not be predicated upon a repudiated out-of-court statement unless there is substantial evidence of probative value from which the trier of fact could infer the repudiated statement is credible. *Peckinpaugh v. State*, 447 N.E.2d 576, 581 (Ind. 1983). However, in this case, the State's case did not rest solely on Morgan's repudiated out-of-court statements.

[8]    When the officer arrived at the residence Clevenger and Morgan shared, he observed a lamp on its side, a blood smear on the wall, a broken cell-phone, an injury to Morgan's arm, and a hole in the wall. Morgan told the police that Clevenger pushed her into the wall and he broke her cell-phone when she tried to call 911. Morgan also wrote a statement describing the battery, signed it to certify that what she had written was true, and gave it to the police officers at the scene. Morgan testified she and Clevenger had a fight. Moreover, at trial, Morgan admitted giving police the signed written statement describing the domestic battery. Here, Morgan's repudiated out-of-court statements were supported by sufficient evidence of probative value from which the trial judge could reasonably infer that her out-of-court statements were credible. *See*, *e.g.*, *Van Donk v. State,* 676 N.E.2d 349, 352 (Ind. Ct. App. 1997) (officer observation and a signed, written statement held to be sufficient to support credibility of repudiated out-of-court statements).

[9]    Considering all the evidence presented, including Morgan's repudiated statements, there was sufficient evidence to support Clevenger's convictions.

# Conclusion

[10] For the foregoing reasons, we affirm the trial court's order.

[11] Affirmed.


Crone, J., and Bradford, J., concur.